ISRAEL FIGUEROA ROBLEDO, su esposa VICTORIA FIGUEROA TO-
RRES, ETC., demandantes y recurridos, v. PETRA RIVERA
ROSA, su esposo JULIO MORALES y la SOCIEDAD LEGAL DE
GANANCIALES, demandados y peticionarios.

*Número:* CC-1998-56 *Resuelto:* 22 de octubre de 1999

568

*Wilfredo Rivera Figueroa*, de *Servicios Legales de Puerto Rico*, abogado de la parte peticionaria; *Hiram Betances Fradera*, abogado de la parte recurrida.

EL JUEZ ASOCIADO SEÑOR HERNÁNDEZ DENTON emitió la opinión del Tribunal.

Nos corresponde determinar cuál es la naturaleza de la obligación que surge entre ex cónyuges cuando uno de ellos incumple con su obligación, impuesta mediante sentencia, de alimentar a sus hijos menores de edad y el otro ex cónyuge se ve obligado a sufragar la totalidad de los gastos de dichos menores.

Por considerar que, en casos como el de autos, surge una acción personal de reembolso a favor del ex cónyuge que sufragó los gastos de alimentos que correspondían al otro ex cónyuge, y que aplica el Art. 1864 del Código Civil, 31 L.P.R.A. sec. 5294, el cual dispone que las acciones personales que no tengan un término señalado de prescripción especial prescriben a los quince (15) años, revocamos la sentencia del Tribunal de Circuito de Apelaciones y ordenamos la continuación de los trámites en el Tribunal de Primera Instancia, de acuerdo con los parámetros esbozados en esta opinión.

I

El Sr. Israel Figueroa Robledo y la Sra. Petra Rivera Rosa contrajeron matrimonio el 26 de septiembre de 1959.

Tras veinticuatro (24) años de matrimonio, se divorciaron por la causal de mutuo consentimiento, el 19 de julio de 1983.([1]) Para dicha fecha, cuatro (4) de los seis (6) hijos procreados en el matrimonio eran menores de edad.

El tribunal adjudicó en la sentencia de divorcio la titularidad de ciertos bienes gananciales y dispuso que la vivienda conyugal continuaría como hogar de la señora Rivera Rosa y sus hijos menores, hasta que el más pequeño adviniese la mayoría de edad, lo cual sería el 2 de febrero de 1992. El tribunal dictaminó que los pagos de la hipoteca que gravaba la vivienda ganancial serían satisfechos por el señor Figueroa Robledo y le impuso, además, el pago de las deudas contraídas durante el matrimonio.

El tribunal ordenó al señor Figueroa Robledo el pago de $300 en calidad de pensión alimentaria para sus hijos menores de edad, los cuales permanecieron bajo la custodia de su madre. Dispuso que dichos pagos se hiciesen directamente a la señora Rivera Rosa y le advirtió expresamente al señor Figueroa Robledo que debería conservar los recibos de los pagos efectuados.

En septiembre de 1985 el señor Figueroa Robledo solicitó, mediante una moción de relevo de sentencia, que se le relevara del pago de la pensión alimentaria por haber sido cesanteado de su trabajo. Celebrada la vista correspondiente, en la cual el señor Figueroa Robledo compareció con su abogado y la señora Rivera Rosa compareció por derecho propio, el tribunal aceptó reducir la pensión alimentaria a $100 mensuales, y advirtió específicamente al señor Figueroa Robledo que debía notificar tan pronto obtuviese un nuevo empleo, para celebrar una nueva vista y llegar a una determinación sobre si correspondía aumentar nuevamente la pensión alimentaria.([2]) Según surge del expediente del caso de divorcio, el señor Figueroa Robledo

---

([1]) Caso Civil Núm. RF-82-1575, Tribunal Superior, Sala de Humacao.

([2]) Minuta del 14 de octubre de 1985. Caso Civil Núm. RF-82-1575, Tribunal Superior, Sala de Humacao.

nunca cumplió con el requerimiento de notificación ni compareció nuevamente ante el tribunal.

A pesar de que la hija menor del matrimionio advino a la mayoría de edad el 2 de febrero de 1992, no fue hasta el 11 de octubre de 1996 que el señor Figueroa Robledo instó ante el Tribunal de Primera Instancia una demanda de división de bienes gananciales contra la señora Rivera Rosa. En ella alegó que la demandada se había mantenido en la posesión y el disfrute de la vivienda ganancial desde la disolución del matrimonio, y solicitó un crédito por la renta disfrutada por la demandada, así como un crédito por la mitad del pago de la hipoteca que grava la propiedad, a partir de la fecha en que la hija más pequeña advino a la mayoría de edad.

La señora Rivera Rosa presentó una reconvención en la cual alegó que el señor Figueroa Robledo incumplió, desde 1983, con el pago de la pensión alimentaria de los menores, y reclamó un crédito por los gastos en los que ella incurrió en su manutención, así como en la conservación y las mejoras realizadas en la vivienda. El señor Figueroa Robledo se opuso a la reconvención y alegó que era improcedente por tratarse de una demanda para la liquidación de gananciales y no sobre alimentos, y en la alternativa, que cualquier reclamación de alimentos estaba prescrita por haber transcurrido más de cinco (5) años desde que la menor de sus hijos se había emancipado por matrimonio.[3]

Tras varios trámites procesales, el tribunal ordenó enmendar la demanda para traer al pleito a la nueva esposa del señor Figueroa Robledo y a la sociedad de gananciales por ellos constituida, así como al nuevo esposo de la señora

---

[3] Memorando de Derecho ante el Tribunal de Primera Instancia, 26 de octubre de 1996; Réplica a Moción Objetando Contestación a Interrogatorio ante el Tribunal de Primera Intancia, 5 de abril de 1997; Escrito en Oposición a Certiorari y para Mostrar Causa ante el Tribunal de Circuito de Apelaciones, 19 de diciembre de 1997; Escrito en Oposición a Certiorari ante el Tribunal Supremo de Puerto Rico, 18 de febrero de 1998.

Rivera Rosa y a la sociedad de bienes gananciales por ellos constituida, como partes indispensables.

Posteriormente, el tribunal de instancia dictó sentencia parcial, en la cual concluyó que la señora Rivera Rosa no tenía derecho al crédito por los gastos en los que incurrió en la manutención de sus hijos menores. Determinó el tribunal sentenciador que la señora Rivera Rosa carecía de legitimación activa para reclamar un crédito por las pensiones dejadas de pagar, ya que por haber advenido los hijos a la mayoría de edad, son éstos los que tienen la capacidad para representarse ante el tribunal.

Oportunamente, la señora Rivera Rosa acudió al Tribunal de Circuito de Apelaciones para revisar dicha sentencia. Dicho foro revocó la sentencia del tribunal de instancia y permitió la acumulación dentro del trámite de liquidación de la sociedad legal de gananciales de la acción en cobro de dinero por las alegadas pensiones alimentarias no pagadas.

En cuanto al término prescriptivo aplicable, el tribunal apelativo determinó que la acción para tal reclamo estaba sujeta a un término de cinco (5) años, el cual comenzó a decursar con el vencimiento y retraso de cada aportación mensual. Concluyó que a la fecha en que se interrumpió la prescripción con la contestación a la demanda para reclamar lo adeudado, no había transcurrido el término prescriptivo en cuanto a la totalidad de lo reclamado.

Inconforme, la señora Rivera Rosa acudió ante nos para que revisemos la determinación del tribunal apelativo que aplicó a su reclamación el término prescriptivo de cinco (5) años establecido por el Art. 1866 del Código Civil, 31 L.P.R.A. sec. 5296, para los reclamos de alimentos. El señor Figueroa Robledo se opuso a la petición de *certiorari.* Expedido el auto, ambas partes solicitaron que, a tenor con lo dispuesto en la Regla 33(k) del Reglamento de este Tribunal, 4 L.P.R. Ap. XXI–A, se permitiese someter el caso sin presentar los alegatos. Ordenamos a la Secretaria de

este Tribunal elevar los autos del Tribunal de Primera Instancia y del Tribunal de Circuito de Apelaciones. Examinados los autos, resolvemos.

## II

■ · Nuestra jurisprudencia ha reconocido que el derecho a reclamar alimentos, como parte del derecho a la vida, tiene profundas raíces constitucionales. Este derecho fundamental se acentúa cuando están involucrados alimentos de menores, y forma parte del poder de *parens patriae* del Estado. *González v. Suárez Milán*, 131 D.P.R. 296 (1992).

■ Reiteradamente hemos señalado que, en nuestra jurisdicción, los menores tienen un derecho fundamental a reclamar alimentos, que los casos relacionados con alimentos de menores están revestidos del más alto interés público y que en éstos el interés no puede ser otro que el bienestar del menor. *Negrón Rivera y Bonilla, Ex parte*, 120 D.P.R. 61 (1987); *Rodríguez Avilés v. Rodríguez Beruff*, 117 D.P.R. 616 (1986).

■ La obligación del sustento de los hijos menores recae en ambos padres. Sin embargo, una vez roto el vínculo matrimonial, se reparte entre los padres el pago de la pensión alimentaria en cantidad proporcionada a su caudal respectivo. Art. 145 del Código Civil, 31 L.P.R.A. sec. 564; *López Martínez v. Yordán*, 104 D.P.R. 594 (1976). También hemos reconocido que la labor personal de un cónyuge que al administrar la pensión la convierte y destina a todo lo que es indispensable para el sustento, habitación, vestido y asistencia médica de sus hijos debe estimarse como descargo de su propia obligación de alimentar. *Mundo v. Cervoni*, 115 D.P.R. 422 (1984).

■ En aquellas ocasiones en que uno de los padres alimentantes ha pagado en exceso de lo que le corresponde, hemos determinado que procede reconocerle, al momento

de llevar a cabo la liquidación de los bienes gananciales, un crédito por la parte que le correspondía pagar al otro ex cónyuge también alimentante. *López Martínez v. Yordan*, supra. De igual modo, en *Calvo Mangas v. Aragonés Jiménez*, 115 D.P.R. 219 (1984), reconocimos expresamente que cuando un padre alimentante paga en exceso de lo que le corresponde, tiene un crédito a su favor por ese excedente.

Es a la luz de estos principios rectores en nuestro ordenamiento que debemos examinar, en primer lugar, si dados los hechos ante nos, surgió entre el señor Figueroa Robledo y la señora Rivera Rosa algún tipo de obligación. De responder en la afirmativa, debemos determinar cuál es la naturaleza de dicha obligación y su término prescriptivo.

### III

Un examen de los autos del caso de divorcio refleja que, al dictarse la sentencia de alimentos, el señor Figueroa Robledo trabajaba como administrador de una cafetería y devengaba un sueldo neto de $403 semanales. La señora Rivera Rosa se desempeñaba como supervisora de factoría y devengaba un sueldo neto de $104.00 semanales. Tomando esto en consideración, el tribunal sentenciador impuso al señor Figueroa Robledo una pensión alimentaria de $300 mensuales *para el sustento de sus hijos menores*. Por existir relaciones cordiales entre ambos, el tribunal no reguló las relaciones paterno filiales y ordenó al señor Figueroa Robledo entregar a la peticionaria el monto de la pensión alimentaria. No se impuso al señor Figueroa Robledo una pensión alimentaria a favor de su ex cónyuge. Tampoco se impuso a la señora Rivera Rosa, con quien permanecieron viviendo los menores, pago alguno de pensión alimentaria para sus hijos.

La señora Rivera Rosa alega que el señor Figueroa Robledo incumplió con el pago de la pensión alimentaria impuesta mediante sentencia, y reclama que se le otorgue a

ella un crédito por los gastos en que incurrió en la manutención de sus hijos. El tribunal de instancia consideró que se trataba de una reclamación alimentaria, por lo cual consideró que la señora Rivera Rosa carecía de legitimación para instalar, pues ya los hijos del matrimonio habían advenido a la mayoría de edad. Incidió.

Examinada cuidadosamente la situación ante nos, concluimos que la reclamación de la señora Rivera Rosa no configura una reclamación de alimentos. Como correctamente determinó el Tribunal de Circuito de Apelaciones,[4] la señora Rivera Rosa lo que reclama es que se le reembolse por los gastos en que ella tuvo que incurrir para alimentar a sus hijos, debido a que el verdadero deudor en la obligación alimentaria, el señor Figueroa Robledo, alegadamente no pagaba. Se trata, pues, de una acción personal de reembolso ya que, de demostrarse en su día que el señor Figueroa Robledo incumplió con su obligación como alimentante de sus hijos, es forzoso concluir que la madre se vio obligada a cubrir, con sus ingresos, los gastos de los menores que correspondía satisfacer al padre.

■ Nuestro ordenamiento provee para situaciones como la de autos la figura del pago por tercero, regulada en el Art. 1112 del Código Civil, 31 L.P.R.A. sec. 3162:

> Puede hacer el pago cualquier persona, tenga o no interés en el cumplimiento de la obligación, ya lo conozca y lo apruebe, o ya lo ignore el deudor.
>
> El que pagare por cuenta de otro podrá reclamar del deudor lo que hubiese pagado, a no haberlo hecho contra su expresa voluntad.
>
> En este caso sólo podrá repetir del deudor aquello en que le hubiera sido útil el pago.[5]

---

[4] Sin embargo, aunque el Tribunal de Circuito de Apelaciones caracterizó de modo correcto la naturaleza de la obligación, erró al concluir que le aplicaba el término prescriptivo de cinco (5) años de las acciones de alimentos.

[5] Véase, además, *Eastern Sands, Inc. v. Roig Comm. Bank*, 140 D.P.R. 703 (1996).

La doctrina expresamente reconoce que el articulado del pago por tercero —Art. 1112 *et seq.* del Código Civil([6])— es de aplicación a muchos supuestos:

> El Código civil da a la palabra pago un sentido amplio de *solutio*, de cumplimiento de las obligaciones, que permite aplicar directamente el artículo 1.158 [Art. 1112 nuestro] a muchos supuestos de *utiliter coeptum*, en especial a todos aquellos en que el gestor obra por necesidad legal .... La analogía entre los supuestos de necesidad legal a otros de necesidad física, *ex circumstantiis*, etc., no será, en la mayor parte de los casos, forzada. Q.M. Scaevola, *Código Civil*, Madrid, Ed. Reus, 1957, T. XXX, Vol. I, págs. 512–513.

En particular, se ha reconocido que dicho articulado es de aplicación a las reclamaciones pecuniarias aun en aquellos casos en que la obligación o deuda satisfecha por el tercero es una obligación alimentaria con la que el verdadero deudor ha incumplido. J.L. Lacruz Berdejo, *La gestión de negocios sin mandato*, 51 Rev. Crít. Der. Inmob. 245, 270 (1975).

■ Al analizar la razón de ser del término prescriptivo de las reclamaciones de alimentos, la doctrina reconoce que tal término sufre una excepción en ciertos casos:

> [C]uando las necesidades del alimentista hayan sido atendidas por un tercero, pues sin duda éste podrá dirigirse contra el obligado para exigirle el reembolso. F. Puig Peña, *Tratado de Derecho Civil Español*, Madrid, Ed. Rev. Der. Privado, 1953, T. II, Vol. 2, pág. 249, citado con aprobación en J. Puig Brutau, *Fundamentos de Derecho Civil*, Barcelona, Ed. Bosch, 1985, T. IV, pág. 285.

■ De un examen de la sentencia en el caso de divorcio surge claramente que las partes en la obligación alimentaria lo eran los hijos menores de edad como acreedores alimentistas, y el padre, el señor Figueroa Robledo, como deudor alimentante. La señora Rivera Rosa era una

---

([6]) 31 L.P.R.A. sec. 3162 *et seq.* Idéntica disposición se encuentra en el Art. 1158 del Código Civil español.

tercera(⁷) en cuanto a la obligación alimentaria, y el hecho de que el tribunal dictaminara que, por existir relaciones cordiales entre los ex cónyuges, el pago de la pensión se hiciera directamente a ella, no cambia la naturaleza o las partes en la obligación.

 Debemos recordar que el pago por tercero origina unas consecuencias jurídicas según los distintos supuestos recogidos en nuestro Código Civil. Cuando un tercero paga con conocimiento y aprobación del deudor, ya sea expresa o tácitamente, o paga porque tiene interés en el cumplimiento de la obligación, el tercero tiene una acción de reembolso contra el deudor o, a su elección, podrá compeler al acreedor a que le subrogue en sus derechos. Art. 1113 del Código Civil, 31 L.P.R.A. sec. 3163; Art. 1164(2) del Código Civil, 31 L.P.R.A. sec. 3248(2).(⁸)

En *Eastern Sands, Inc. v. Roig Comm. Bank*, 140 D.P.R. 703 (1996), expresamente reconocimos, adoptando la posición mayoritaria de la doctrina española, que el derecho a escoger entre la subrogación o la acción de reembolso quedaba a discreción de aquel que, facultado por el ordenamiento para escoger la subrogación, optaba por renunciar a ella y ejercitar una acción de reembolso. M. Albaladejo, *Comentarios al Código Civil y compilaciones forales*, Madrid, Ed. Edersa, 1991, T. XVI, Vol. I, pág. 48.(⁹)

---

(⁷) La doctrina, al analizar los articulados que regulan el pago por tercero, aclara que el tercero es aquel que no está ligado al deudor por una relación contractual o por algún vínculo convencional que establezca la obligación cumplida. M. Albaladejo, *Comentarios al Código Civil y compilaciones forales*, Madrid, Ed. Edersa, 1991, T. XVI, Vol. I, pág. 23.

(⁸) El Art. 1113 del Código Civil, 31 L.P.R.A. sec. 3163, dispone:

"El que pague en nombre del deudor, ignorándolo éste, no podrá compeler al acreedor a subrogarle en sus derechos."

Por su parte, el Art. 1164 del Código Civil, 31 L.P.R.A. sec. 3248, dispone:

"Se presumirá que hay subrogación:

"(1) Cuando un acreedor pague a otro acreedor preferente.

"(2) Cuando un tercero, no interesado en la obligación, pague con aprobación expresa o tácita del deudor.

"(3) Cuando pague el que tenga interés en el cumplimiento de la obligación, salvo los efectos de la confusión en cuanto a la porción que le corresponda."

(⁹) En lo pertinente, expone:

■ Por su parte, cuando un tercero paga, ignorándolo el deudor, la única acción de que dispone es el reembolso contra el acreedor. En aquellos casos en que un tercero paga contra la expresa voluntad del deudor, carece de la acción de reembolso y sólo tiene contra el deudor una acción de repetición en cuanto a aquello en que le hubiera sido útil el pago, es decir, en la medida que dicho pago haya enriquecido al deudor. L. Díez-Picazo y A. Gullón, *Sistema de Derecho Civil*, 3ra ed., Madrid, Ed. Tecnos, 1982, Vol. II, pág. 250 y ss.

De lo anteriormente expuesto podemos concluir que, de quedar demostrado ante el tribunal de instancia que el señor Figueroa Robledo incumplió con la pensión ordenada por el tribunal, la señora Rivera Rosa tiene disponible una acción de reembolso contra el señor Figueroa Robledo por los gastos en que incurrió, a costa de su propio peculio, para cubrir los gastos de manutención de sus hijos menores que correspondían al señor Figueroa Robledo. Esta acción de reembolso está disponible independientemente de si el señor Figueroa Robledo conocía o desconocía que el pago se estaba efectuando.[10]

■ Anteriormente, en *Ríos Rosario v. Vidal Ramos*, 134 D.P.R. 3 (1993), al determinar que una madre no tiene legitimación para reclamar las pensiones alimentarias de sus hijos una vez éstos han alcanzado la mayoridad, intimamos la norma que hoy expresamente reconocemos. En aquella ocasión expresamos:

Lo anterior, no obstante, no impide el que la recurrida, al amparo de las disposiciones del Art. 1112 del Código Civil, 31 L.P.R.A. sec. 3162, logre demostrar mediante prueba preponde-

---

"... [E]n *el momento del pago* el tercero, beneficiario de la subrogación, puede renunciar a ella, optando por ejercer frente al deudor la acción de reembolso o la acción de repetición ...." (Énfasis en el original.) Albaladejo, *op. cit.*, pág. 48.

[10] Nada hay en los autos que nos permita inferir que el señor Figueroa Robledo *se opuso expresamente* a que la señora Rivera Rosa cubriera los gastos de los menores. Por tal razón, no es necesario discutir el derecho a repetición por enriquecimiento producido por el pago.

rante la existencia de una deuda por parte del recurrente *para con su persona*. (Énfasis en el original.) *Ríos Rosario v. Vidal Ramos*, supra, pág. 12.

Nuestra decisión es, además, cónsona con nuestros pronunciamientos anteriores en los cuales reconocimos que el ex cónyuge alimentante que paga en exceso de lo que le corresponde, tiene un crédito por lo que pagó de más. *López Martínez v. Yordán*, supra; *Calvo Mangas v. Aragonés Jiménez*, supra.

Analizada la normativa vigente, así como los hechos ante nuestra consideración, resolvemos que, de quedar probado en instancia el incumplimiento del señor Figueroa Robledo con su obligación alimentaria para con sus hijos, la señora Rivera Rosa tiene derecho a que su ex cónyuge le reembolse por los gastos en que incurrió, en ocasión de dicho incumplimento, para satisfacer las necesidades de sus hijos.

▮ Procede que, al momento de decretar la liquidación de la sociedad legal de gananciales, el tribunal de instancia tome en consideración la procedencia de la acción de reembolso. El crédito, si alguno, que corresponde a la señora Rivera Rosa ha de ser satisfecho de los bienes personales del señor Figueroa Robledo. No procede imputar dicho crédito a la masa ganancial a liquidarse, pues a diferencia de los alimentos debidos a los hijos menores vigente el matrimonio o pendiente la acción de divorcio, no se trata de una obligación ganancial. Una vez decretado el divorcio, la obligación de alimentar a los hijos menores es una obligación personal de cada uno de los ex cónyuges que deberá ser satisfecha de su propio peculio, a excepción de aquellos casos en que el padre o la madre alimentante haya contraído nuevas nupcias, en que la obligación entonces será imputable a la nueva sociedad de gananciales que se haya constituido. Art. 1308 del Código Civil, 31 L.P.R.A. sec. 3661; *López v. Rodríguez*, 121 D.P.R. 23 (1988); *Mundo v. Cervoni*, supra; *Vega v. Vega Oliver*, 85 D.P.R. 675 (1962).

## IV

Para determinar cuál es el plazo prescriptivo que debemos aplicar a la reclamación de la señora Rivera Rosa, es necesario que examinemos qué ocurre cuando un tercero paga por otro, ya sea porque el deudor ignora del pago, porque el que paga no tiene interés en la obligación o porque, aun teniendo a su disposición el derecho a la subrogación, decide no ejercerlo y surge a su favor una acción de reembolso.

A diferencia de la subrogación, en la cual lo que ocurre es una modificación subjetiva en la titularidad del crédito pagado, mediante la cual el deudor queda obligado por el mismo crédito con todos los derechos y las garantías a él anexos pero a favor de distinto acreedor —*Eastern Sands, Inc. v. Roig Comm. Bank*, supra— en el caso de la acción de reembolso surge un crédito nuevo e independiente, ya que el primer crédito quedó extinguido por el pago. Este crédito independiente surge del mismo hecho del pago, y está destinado a que el tercero pueda recobrar del deudor lo que efectivamente pagó:

> En efecto, en el momento del pago se produce la extinción de la obligación y es cuando surge a favor del tercero la acción de reembolso o la de repetición del enriquecimiento producido. Albaladejo, *op. cit.*, pág. 56. Véase, además, Puig Brutau, *op. cit.*, 3ra ed., T. I, Vol. 2, pág. 255.

A diferencia de la acción subrogatoria, que deberá ejercitarse dentro del tiempo señalado por ley para la acción particular que se ejecute, la acción de reembolso puede ejercitarse dentro de los quince (15) años señalados por el Art. 1864 del Código Civil, *supra*, para las acciones personales que no tienen señalado un término especial de prescripción. El término prescriptivo comenzará a decursar desde el momento en que el tercero hizo el pago. V.

Prieto Cobos, *Ejercicio de las Acciones Civiles*, 5ta ed., Pamplona, Ed. Aranzadi, 1984, pág. 1226.[11]

Por los fundamentos anteriormente esbozados, *se revoca la sentencia del Tribunal de Circuito de Apelaciones y se devuelve el caso al Tribunal de Primera Instancia para que determine si el señor Figueroa Robledo incumplió con la obligación alimentaria impuesta por el tribunal de instancia en la sentencia de divorcio. De llegar a la determinación de que efectivamente incumplió con dicha obligación, deberá determinarse el monto de dicha deuda, y ordenar que se le reembolse dicha cantidad a la señora Rivera Rosa.*

*Se dictará la sentencia correspondiente.*

El Juez Asociado Señor Rebollo López no interviene. El Juez Asociado Señor Fuster Berlingeri concurrió sin opinión escrita.

---

[11] La jurisprudencia española, al interpretar el Art. 1894 del Código Civil español, que corresponde al Art. 1794 nuestro, 31 L.P.R.A. sec. 5107, ha reconocido que cuando un tercero presta alimentos, puede reclamar al deudor alimentante por los alimentos que prestó al acreedor alimentista siempre y cuando no los hubiese prestado con ánimo de liberalidad. Tal reclamación tiene un término prescriptivo de quince (15) años. Sentencia de 7 de marzo de 1932.