Opinión disidente emitida por la Juez
Asociada Señora Rodríguez Rodríguez, a la cual se une la Jueza Asociada Señora Fiol Matta.
Disiento de la determinación que hoy anuncia este Tribunal por entender que descansa en una interpretación equivocada de la Ley de Sentencia Suspendida y Libertad a Prueba (Ley de Sentencia Suspendida), 34 L.P.R.A. see. 1026 et seq.
Como correctamente señala la Opinión del Tribunal, la controversia central en este caso gira en torno a si el peticionario cualifica o no para recibir el beneficio de una sentencia suspendida. El Tribunal resuelve que la Ley de Sentencia Suspendida “no excluye del beneficio de sentencia suspendida a aquellas personas convictas que tienen una deuda por concepto de pensión alimentaria pero que al momento de dictar sentencia no tienen la obligación de alimentar a sus hijos mayores de edad”. (Enfasis en el original.) Con esta lectura en mano, el Tribunal aplica la Ley de Sentencia Suspendida a los hechos de este caso y concluye que el peticionario, en efecto, cualificaba para el privilegio de una sentencia suspendida porque, al momento de dictarse la sentencia en su caso, éste ya no tenía una obligación legal de alimentar a su hijo. No comparto esta visión sobre el contenido de la ley, como tampoco, naturalmente, su aplicación al caso. Me explico.
El Artículo 2 de la Ley de Sentencia Suspendida dis-pone, en lo pertinente, de la manera siguiente:
(a) El Tribunal de Primera Instancia podrá suspender los efectos de la sentencia que se hubiera dictado en todo caso de *53 delito grave ... y ordenará que la persona sentenciada quede en libertad a prueba siempre que al tiempo de imponer dicha sentencia, concurran todos los requisitos [que] a continuación se enumeran'.
(4) que, en los casos en que se tiene la obligación de pagar una pensión alimentaria, dicha persona haya cumplido con su obligación de hacer los pagos o esté acogido a un plan de pagos y esté cumpliendo con el mismo. (Énfasis nuestro.) 34 L.P.R.A. see. 1027.
La ley lo que persigue es que quienes puedan cualificar para recibir el privilegio de una sentencia suspendida sean aquellos que hayan cumplido con su obligación de prestar alimentos y no adeuden cantidad alguna en tal concepto o que, cuando exista una deuda, el alimentante se haya acogido a un plan de pago para su liquidación, con el cual está cumpliendo. Es decir, lo medular en la ley es que no se adeuden pensiones alimenticias, de ahí que se provea para que quienes se encuentren acogidos a un plan de pago y lo estén cumpliendo, puedan cualificar para el privilegio. Tal y como apunta el propio artículo, mientras no se pague “se tiene la obligación de pagar”.
Ello así, pues como sabemos, es política pública del Estado procurar que las personas legalmente responsables de la manutención de un menor cumplan con esa obligación. Véase Exposición de Motivos de la Ley Núm. 86 de 17 de agosto de 1994, Ley Orgánica de la Administración para el Sustento de Menores, 8 L.P.R.A. see. 501 et seq. Como en tantas ocasiones hemos indicado, la obligación de prestar alimentos está revestida del más alto interés público y dimana del derecho a la vida consagrado en el Art. II, Secs. 1 y 7 de la Constitución del Estado Libre Asociado, L.P.R.A., Tomo 1. Véanse: Martínez v. Rodríguez, 160 D.P.R. 145 (2003); Argüello v. Argüello, 155 D.P.R. 62 (2001); Figueroa Robledo v. Rivera Rosa, 149 D.P.R. 565 (1999). Es un deber no tan sólo legal, sino sobre todo moral. La relación paternofilial justifica, sin más, la imposición de la obligación de pro-veer para las necesidades básicas de la vida, al margen de la voluntad de quien está obligado.
*54 En este caso no hay controversia alguna de que al momento de ser sentenciado, el aquí peticionario tenía una deuda sustancial en concepto de pensión alimenticia y no estaba acogido a plan de pago alguno para su liquidación. A mi juicio, ello necesariamente lo excluía del beneficio de sentencia suspendida pues su obligación de prestar alimentos había sido incumplida y existía una deuda vigente. Es decir, si bien al momento de sentenciarlo el peticionario ya no tenía la obligación de continuar prestando alimentos a su hijo por éste haber alcanzado la mayoridad, lo cierto es que sí tenía la obligación de pagar la deuda acumulada en concepto de pensión alimenticia. La existencia de dicha obligación y su incumplimiento impiden que éste se beneficie del privilegio de sentencia suspendida por disposición del Artículo 2. Lo relevante es que en ese momento —al dictarse la sentencia— no exista una deuda pendiente en concepto de alimentos y que si la hubiese, se esté liquidando mediante plan de pago.
Adviértase que la deuda alimenticia es urna deuda de un peculiar contenido. El objeto de la prestación debida por el alimentante comprende todo lo que sea indispensable para el sustento, habitación, educación, vestido y asistencia médica. 31 L.P.R.A. see. 561. El dinero es el medio de pago y cumple la función de liquidación, pero no transforma la deuda “pues lo debido en ella no es una cantidad cifrada como tal, sino la satisfacción de una necesidad N. Martínez Rodríguez, La obligación legal de alimentos entre parientes, Madrid, Ed. La Ley, 2003, pág. 204.
Por contra, la Mayoría hoy resuelve que como en este caso el peticionario ya no tiene la obligación de pagar una pensión alimenticia, ya que su hijo alcanzó la mayoría de edad, la exclusión contenida en la Ley de Sentencia Suspendida no constituye impedimento para que éste cualifique para este privilegio. Ello, a pesar de que la deuda de alimentos está vigente. Estoy en profundo desacuerdo con la norma que hoy se anuncia, pues la misma permite circunvalar el propósito del legislador al adoptar la disposición en controversia en este caso.