Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XII

| | | |
|---|---|---|
| LAIZA M. CARRERO MONTAÑEZ<br><br>Peticionaria<br><br>v.<br><br>ERICK GUZMÁN MELÉNDEZ<br><br>Recurrido | KLCE202400937 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Caso número: E DI2018-0312<br><br>Sobre: ALIMENTOS |

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Candelaria Rosa, la Jueza Rivera Pérez y la Jueza Díaz Rivera.

Díaz Rivera, Jueza Ponente

**S E N T E N C I A**

En San Juan, Puerto Rico, a 15 de octubre de 2024.

Comparece ante *nos,* Laiza M. Carrero Montañez (Carrero Montañez o peticionaria) y nos solicita que revisemos una *Resolución* emitida el 26 de abril de 2024 y notificada el 2 de mayo de 2024, por el Tribunal de Primera Instancia (TPI o foro primario), Sala Superior de Caguas. Mediante el referido dictamen, el TPI estableció que la pensión alimentaria provisional permanece como la pensión alimentaria final por la cantidad de $410.00 mensuales y determinó que no existía retroactivo.

Por los fundamentos que exponemos a continuación, se *revoca* la *Resolución* recurrida.

**I.**

Con fecha del 16 de mayo de 2018, el TPI emitió una *Sentencia* mediante la cual declaró roto y disuelto el vínculo matrimonial habido entre Carrero Montañez y Erick Guzmán Meléndez (Guzmán Meléndez o recurrido).[1] Además, dispuso que la patria potestad sería

---
[1] Durante el matrimonio, las partes procrearon a la menor de edad C.E.G.C.

Número Identificador

SEN2024 _____

compartida y la custodia la ostentaría la peticionaria. Asimismo, estableció una pensión alimentaria de $353.00 mensuales.

Así las cosas, el 15 de febrero de 2022, Carrero Montañez presentó una *Moción Solicitando Revisión de Pensión Alimentaria*. Consecuentemente, el 19 de diciembre de 2022, la peticionaria presentó su Planilla de Información Personal y Económica (PIPE). El 15 de febrero de 2023, se llevó a cabo una Vista ante el Examinador de Pensiones Alimentarias (EPA) en la cual se estableció una pensión alimentaria provisional de $343.00 bisemanal.[2] A esos efectos, el 25 de mayo de 2023, el foro primario acogió el *Informe de Pensión Alimentaria* emitido por el EPA y dictó una *Resolución*.

Luego, el foro primario ordenó a las partes dialogar sobre la autorización de la escuela donde estudiaba la menor. Consecuentemente, el 29 de agosto de 2023, la parte peticionaria presentó una *Moción en Cumplimiento de Orden y en Solicitud de Remedios*. En la misma, solicitó la intervención del foro primario para que se aprobara el gasto escolar para que se pudiera llevar a cabo la vista final de fijación de pensión alimentaria. El 30 de agosto de 2023, el TPI emitió una *Orden* concediéndole al recurrido un término de cinco (5) días para que se expresara sobre el gasto escolar.

Posteriormente, el 31 de agosto de 2023, la representación legal de Guzmán Meléndez presentó una *Moción Asumiendo Representación Legal*. El 5 de septiembre de 2023, la parte recurrida presentó una *Moción en Cumplimiento de Orden sobre Objeción a Gasto Educativo de Colegio*. Luego de varios incidentes procesales, el 5 de febrero de 2024, el foro *a quo* emitió una *Resolución* mediante la cual autorizó que la menor C.E.G.C. continúe sus estudios y se llevara a cabo el proceso de matrícula en el Caguas Private School.

---

[2] Surge del expediente ante *nos* que, durante la Vista ante el EPA el recurrido alegó no estar de acuerdo con los gastos de la escuela donde la menor estudiaba.

El 28 de abril de 2024, el TPI emitió una *Resolución*, notificada el 2 de mayo de 2024, mediante la cual acogió el *Informe de Pensión Alimentaria*. Específicamente, el foro primario indicó, entre otras cosas, que la pensión alimentaria provisional permanece como la pensión alimentaria final por la cantidad de $410.00 mensuales y determinó que no existía retroactivo. Oportunamente, el 16 de mayo de 2024, la parte peticionaria presentó una *Moción Solicitando Reconsideración*.

El 22 de mayo de 2024, el foro primario emitió una *Orden* mediante la cual refirió la solicitud de reconsideración al EPA y le ordenó a la parte recurrida a exponer su posición. Entretanto, el 5 de julio de 2024, Guzmán Meléndez presentó una *Moción en Cumplimiento de Orden*. Como resultado, el 23 de julio de 2024, el TPI emitió una *Orden,* notificada el 2 de agosto de 2024, mediante la cual dispuso *Nada que proveer* a la solicitud de reconsideración que presentó Carrero Montañez.

El 30 de agosto de 2024, la peticionaria presentó un recurso de *Certiorari* ante este Tribunal y alegó la comisión de los siguientes errores:

> **PRIMER ERROR: ERRÓ EL TPI AL DETERMINAR QUE NO HABÍA NADA QUE PROVEER Y D[E]TERMINAR QUE CONFORME A LA RESOLUCIÓN DICTADA POR EL TRIBUNAL SURGÍA QUE EL DEMANDADO RESPONDERÍA A RAZÓN DEL 55.51% DE LOS GASTOS ESCOLARES.**
>
> **SEGUNDO ERROR: ERRÓ EL TPI AL ESTABLECER COMO PENSIÓN ALIMENTARIA FINAL LA CANTIDAD DE $410 DÓLARES MENSUALES ADUCIENDO QUE ESTA ERA LA CANTIDAD FIJADA DE FORMA PROVISIONAL.**
>
> **TERCER ERROR: ERRÓ EL TPI AL DET[E]RMINAR QUE NO EXISTÍA RETROACTIVO.**

Examinado el recurso de *Certiorari*, este Tribunal emitió una *Resolución* el 6 de septiembre de 2024, concediéndole un término de veinte (20) días a la parte recurrida para que expresara su posición

al recurso. Transcurrido el término, sin el beneficio de la comparecencia de la parte recurrida pasamos a resolver.

## II.

### A. Alimentos

Es norma conocida en nuestra jurisdicción que los casos relacionados con alimentos de menores están revestidos de un alto interés público. *Franco Resto v. Rivera Aponte,* 187 DPR 137, 148 (2012). Nuestro máximo Foro ha establecido que, el derecho a reclamar alimentos forma parte del derecho a la vida consagrado en la Constitución de Puerto Rico. Art. II, Sec. 2, Const. PR, LPRA, Tomo I; *Fonseca Zayas v. Rodríguez Meléndez,* 180 DPR 623, 633 (2011). Véase, además, *Torres Rodríguez v. Carrasquillo Nieves*, 177 DPR 728, 738 (2009); *Figueroa Robledo v. Rivera Rosa,* 149 DPR 565, 572 (1999).

Como parte de la política pública que impera en nuestra jurisdicción, los padres o personas legalmente responsables de menores de edad están en la obligación a contribuir, en la medida en que sus recursos lo permitan, a la manutención y bienestar de sus hijos. Artículo 3, Ley Núm. 5 de 30 de diciembre de 1986, según enmendada, conocida como "Ley Orgánica para la Administración para el Sustento de Menores" (8 LPRA sec. 502) (Ley Núm. 5-1986). Así pues, son los padres, en primera instancia, los llamados a proveer alimentos a sus hijos. *Martínez De Andino v. Martínez De Andino,* 184 DPR 379, 384 (2012).

A esos efectos, el Artículo 590 del Código Civil de 2020 (31 LPRA sec. 7242) establece que los progenitores tienen sobre el hijo sujeto a su patria potestad el deber de (a) velar por el y tenerlo en su compañía; (b) alimentarlo y proveerle lo necesario para su desarrollo y formación integral; (c) inculcarle valores y buenos hábitos de convivencia y el respeto a sí mismo y hacia los demás; (d) corregirlo y disciplinarlo según su edad y madurez intelectual y

emocional y castigarlo moderadamente o de una manera razonable; y (e) representarlo en el ejercicio de las acciones que puedan redundar en su provecho y en aquellas en las que comparece como demandado. Sobre el particular, es menester destacar que el derecho de los hijos a recibir alimentos no se extingue por razón del divorcio de sus padres. *Martínez De Andino v. Martínez De Andino*, *supra*, págs. 384-385.

El deber de alimentar a los hijos menores de edad está fundamentado en el derecho a la vida consagrado en la Sección 7 Artículo II de la Constitución de Puerto Rico. *Umpierre Matos v. Juelle Abello*, 203 DPR 254, 266 (2019). Así pues, se ha establecido que "el derecho de los menores a reclamar alimentos, la obligación de los padres de proveerlos y la interpretación de los tribunales para concederlos, deben estar enmarcados en la relación paterno-filial legalmente establecida; no supeditada a uno u otro artículo del Código Civil". *Argüello v. Argüello*, 155 DPR 62, 70 (2001); *Chévere v. Levis I*, 150 DPR 525, 539 (2000). "[L]a relación paterno-filial justifica, sin más, la imposición de la obligación de proveer para las necesidades básicas de la vida, al margen de la voluntad de quien está obligado". *Pueblo v. Vázquez Carrasquillo*, 174 DPR 40, 53 (2008).

Cónsono con lo anterior, el Artículo 667 del Código Civil de 2020 establece que "[l]a obligación de prestar alimentos es exigible desde que el alimentista los necesita, pero se abonan desde la fecha en que se interpone la demanda". (31 LPRA sec. 7563). A su vez, el Artículo 19 de la Ley Núm. 5-2019 establece, entre otras cosas, que "[l]os pagos por concepto de pensiones alimentarias y de solicitudes de aumentos en las mismas serán efectivos desde la fecha en que se presentó la petición de alimentos en el tribunal". (8 LPRA sec. 518). Por lo tanto, el momento determinante del pago de los alimentos es la fecha de su reclamación, por lo cual, los alimentos se abonarán a

partir del momento cuando se exijan judicialmente. *Quiles Pérez v. Cardona Rosa*, 171 DPR 443 (2017).

**III.**

Por estar íntimamente relacionados, discutiremos los señalamientos de error de forma conjunta. Antes, debemos dejar claro que este recurso debe acogerse como una *apelación*; pues, en conformidad con el caso *Cortés Pagán v. González Colón*, 184 DPR 807, 813 (2012) todo dictamen sobre pensión alimentaria y/o custodia que modifica o intenta modificar alguna determinación final previa por haber ocurrido un cambio de las circunstancias constituye una "sentencia" por tanto el recurso debe considerarse como apelación. *Otero Vélez v. Schroder Muñoz*, 200 DPR 76, 86 (2018); *Figueroa v. Del Rosario*, 147 DPR 121, 129 (1998). *Veamos*.

En su recurso, Carrero Montañez sostuvo que erró el TPI al determinar que no había nada que proveer y determinar que conforme a la *Resolución* dictada por el Tribunal surgía de que el recurrido respondería a razón del 55.51% de los gastos escolares. Indicó, además, que erró el TPI al establecer como pensión alimentaria final la cantidad de $410.00 mensuales aduciendo que esta era la cantidad fijada de forma provisional. Por último, esbozó que erró el TPI al determinar que no existía retroactivo.

De una lectura detallada del expediente ante nuestra consideración surge que, el 15 de febrero de 2022, la peticionaria solicitó la revisión de la pensión alimentaria de la menor C.E.G.C. Consecuentemente, el 15 de febrero de 2023, se llevó a cabo una Vista ante el EPA en la cual se estableció una pensión alimentaria provisional de $343.00 bisemanal. Oportunamente, el TPI emitió una *Resolución* mediante la cual acogió el *Informe de Pensión Alimentaria* emitido por el EPA y dispuso lo siguiente:

> [s]e establece al **Sr. Erick Guzmán Meléndez** una pensión alimentaria **provisional de $343.00 bisemanal** para beneficio de la menor Camilasophia E. Guzmán Carrero de 9

años de edad. La pensión es efectiva al 28 de febrero de 2022 y pagada mediante pago directo. La deuda de retroactivo será determinada al finalizar los procedimientos. La menor se beneficia del plan médico MCS, provisto por el Sr. Erick Guzmán Meléndez. (Énfasis en el original).

Así las cosas, el TPI ordenó a las partes dialogar sobre la autorización de la escuela donde estudiaba la menor. Subsiguientemente, la peticionaria solicitó la intervención del foro primario para que se aprobara el gasto escolar para que se pudiera llevar a cabo la vista final de fijación de pensión alimentaria. Acaecidos varios trámites procesales, el foro primario emitió una *Resolución* mediante la cual autorizó que la menor C.E.G.C. continúe sus estudios y se llevara a cabo el proceso de matrícula en el Caguas Private School.

Tras ello, el 28 de abril de 2024, el foro primario emitió una *Resolución* mediante la cual acogió el *Informe de Pensión Alimentaria* y fijó la pensión alimentaria provisional permanece como la pensión alimentaria final por la cantidad de $410.00 mensuales; además, determinó que no existía retroactivo.

Así pues, luego de un análisis meticuloso de las controversias ante *nos,* debemos determinar que incidió el foro primario al establecer como pensión alimentaria final la cantidad de $410.00 mensuales aduciendo que esta era la cantidad fijada de forma provisional. Esto pues, surge claramente de la *Resolución* del 25 de mayo de 2023, que la pensión provisional era de $343.00 bisemanal. Por consiguiente, lo establecido en la *Resolución* del 24 de abril de 2024, contiene errores en cuanto a la cuantía de la pensión que ya se había establecido en la Vista del 15 de febrero de 2023. Específicamente, que la pensión bajó sustancialmente de $343.00 bisemanal a $410.00 mensual sin un fundamento razonable para ello. Además, nada se dispuso con relación a los gastos escolares de mensualidades, matrícula y libros durante el periodo en que se

atendía el asunto del colegio donde estudiaría la menor y no se estableció el retroactivo al 28 de febrero de 2022, tal y como el propio foro primario indicó que se haría en la *Resolución* del 25 de mayo de 2023.

No debemos perder de perspectiva que, "[l]os pagos por concepto de pensiones alimentarias y de solicitudes de aumentos en las mismas serán efectivos desde la fecha en que se presentó la petición de alimentos en el tribunal". Artículo 19 de la Ley Núm. 5-2019, *supra.* Por consiguiente, el momento determinante del pago de los alimentos es la fecha de su reclamación, por lo cual, los alimentos se abonarán a partir del momento cuando se exijan judicialmente. *Quiles Pérez v. Cardona Rosa, supra.*

En conclusión, incidió el foro primario al determinar *Nada que proveer* en la *Orden* del 23 de julio de 2024. Ese era el momento indicado para que el TPI rectificara los errores cometidos en la *Resolución* del 26 de abril de 2024, los cuales surgían claramente del expediente. Por lo tanto, procede que *devolvamos* el caso al foro primario para que corrija la cuantía de la pensión alimentaria final, tomando en consideración los gastos educativos y establezca el retroactivo de la pensión alimentaria, si alguno, desde el 28 de febrero de 2022.

**IV.**

Por los fundamentos antes expuestos, *revocamos* el dictamen recurrido. Se devuelve el caso al TPI para la continuación de los procedimientos de acuerdo con lo aquí dispuesto.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones