Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| ESTHER MARRERO NEGRÓN<br><br>Peticionaria<br><br>v.<br><br>PEDRO SOLDEVILA PUPO<br><br>Recurrido | KLCE202401092 | *Certiorari* procedente del Tribunal de Primera Instancia Relaciones de Familia y Menores Región Judicial de Bayamón<br><br>Caso núm.:<br>D AL2021-0031<br><br>Sobre:<br>Alimentos |
|---|---|---|

Panel integrado por su presidente, el juez Figueroa Cabán, la jueza Brignoni Mártir y el juez Ronda el Toro

**Figueroa Cabán, Juez Ponente**

**SENTENCIA**

En San Juan, Puerto Rico, a 30 de octubre de 2024.

Comparece la señora Esther Marrero Negrón, en adelante la señora Marrero o la peticionaria, quien solicita que revoquemos la *Resolución* dictada y notificada el 12 de agosto de 2024, por el Tribunal de Primera Instancia, Sala de Familia y Asuntos de Menores Región Judicial de Bayamón, en adelante TPI. Mediante la misma y en lo aquí pertinente, el foro primario reconoció un crédito a favor del señor Pedro Soldevilla Pupo, en adelante el señor Soldevilla o el recurrido, descontó el crédito a la deuda de alimentos reclamada por la peticionaria y ordenó el pago del remanente.

Por los fundamentos que expondremos a continuación, se expide el auto de *certiorari*, se revoca la *Resolución* recurrida y se devuelve el caso al Tribunal de Primera Instancia para la continuación de los procedimientos conforme a lo dispuesto en la presente *Sentencia.*

**-I-**

En el contexto de un pleito sobre alimentos, el TPI acogió las recomendaciones sometidas por la Examinadora de Pensiones Alimenticias, ente que responsabilizó al señor Soldevilla a pagar una pensión alimentaria permanente y el 28.12% de los gastos extraordinarios a favor de la señora Marrero, quien tiene la custodia de los hijos menores.[1]

Posteriormente, la señora Marrero presentó una *Moción Solicitando Orden* en la que peticionó que la esposa del recurrido pagara dos meses de pensión alimentaria adeudados, ya que el señor Soldevila se encontraba privado de su libertad o en la alternativa, ordenar a la Unidad de Cuentas emitir un cheque por la cantidad adeudada.[2]

Así las cosas, el TPI emitió una *Orden de Mostrar Causa* en la que señaló vista para determinar si procedía encontrar al recurrido incurso en desacato por concepto del impago de una deuda de pensión alimentaria ascendente a $2,000.00.[3]

En dicho contexto procesal, el foro primario celebró una vista a la que comparecieron los representantes legales de las partes. Sin embargo, "[n]inguna de las partes compareció". En lo aquí pertinente determinó:

> Examinado el expediente y escuchados [*sic*.] las argumentaciones de los abogados presentes, el Tribunal determina lo siguiente:
>
> 1. La parte demandada alega que existe una deuda de pensión alimentaria por la cantidad de $4,000.00 correspondiente a los meses de marzo a julio de 2024 (en julio y agosto de 2024 el demandado efectuó dos pagos por la cantidad de $500.00 para un total pagado de $1,000.00);

---

[1] Apéndice de la peticionaria, págs. 1-5.
[2] *Id.*, págs. 6-8.
[3] *Id.*, págs. 21-23.

2. A tenor con la Resolución [*sic*.] 17 de noviembre de 2021, el demandado tiene un crédito a su favor por la cantidad de $3,741.09;

3. La cantidad de $3,741.09 no ha sido descontada en los pagos de pensión alimentaria pagados a la demandante;

4. Descontado el crédito a la deuda de pensión alimentaria alegada por la parte demandante, existe una deuda de pensión alimentaria por la cantidad de $258.91 al mes de agosto de 2024.

En vista de lo anterior, se ordena lo siguiente:

- Se le acredita en este momento al demandado el crédito concedido el 17 de noviembre de 2021 por la cantidad de $3,741.09.

- Descontando el crédito a la deuda reclamada, al mes de agosto de 2024 el demandado tiene una deuda ascendente a $258.91.

- Se le concede al demandado hasta el 19 de agosto de 2024 para saldar la deuda por la cantidad de $258.91.[4]

[…]

Por su parte, la peticionaria presentó una *Moción de Reconsideración*.[5] Adujo que el TPI dispuso la deducción de un crédito de forma prospectiva, pero "[l]a Resolución no autorizó a deducir el crédito completo de una deuda de pensión alimentaria por razón del impago del alimentante". En su opinión, "[n]o puede ser deducido un crédito completo en contraposición a una resolución final y firme que especificaba el modelo de ejecutarse". Además, arguyó que "[e]l padre que ha pagado en exceso puede reclamar un crédito mediante una acción independiente que no configura una reclamación de alimentos". Por ende, alegó que no procede extinguir a título de compensación la obligación de prestar alimentos porque el derecho de alimentos no es

---

[4] *Id.*, págs. 42-43.
[5] *Id.*, págs. 44-47.

transmisible ni negociable, ni puede compensarse con lo que el alimentista debe al alimentante.

Del mismo modo, la peticionaria adujo que la determinación del TPI de adelantar la vista de mostrar causa privó a las partes de su derecho a estar presentes. Señaló que contrario al derecho procesal civil, se incumplieron las exigencias mínimas del debido proceso de ley, como la oportunidad de las partes de ser oídas, de poder contrainterrogar testigos y de examinar evidencia.

Evaluada la *Moción de Reconsideración*, el TPI la declaró no ha lugar.[6]

Inconforme, la señora Marrero presentó una *Petición de Certiorari* en la que alegó que el TPI cometió los siguientes errores:

> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA, SALA DE SAN JUAN, POR VOZ DE LA HONORABLE JUEZA MARISOL DÍAZ GUERRERO, AL MODIFICAR UNA RESOLUCIÓN, QUE HABÍA ADVENIDO FINAL Y FIRME MEDIANTE LA CUAL EL TPI, SALA DE SAN JUAN, POR VOZ DE LA HONORABLE JUEZA LEILANI TORRES ROCA, HABÍA DETERMINADO CONCEDERLE UN CRÉDITO AL SEÑOR SOLDEVILA POR LA CANTIDAD DE $3,741.09 Y QUE EL MISMO FUERA DESCONTADO DE LA PENSIÓN ALIMENTARIA A RAZÓN DE UN MÁXIMO DE $75.00 MENSUALES POR ESPACIO DE 49 MESES Y UN DESCUENTO FINAL DE $66.09. LA HONORABLE JUEZ DÍAZ GUERRERO ESTABA IMPEDIDA DE MODIFICAR EN DERECHO UNA RESOLUCIÓN QUE HABÍA ADVENIDO FINAL Y FIRME. AL ASÍ HACERLO AFECTÓ LA PENSIÓN ALIMENTARIA DE UNAS MENORES DE EDAD, ANTE EL INCUMPLIMIENTO DEL SR. SOLDEVILA.
>
> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA, SALA DE SAN JUAN, POR VOZ DE LA HONORABLE JUEZA MARISOL DÍAZ GUERRERO, AL CELEBRAR UNA VISTA SOBRE ORDEN DE MOSTRAR CAUSA POR INCUMPLIMIENTO DE PENSIÓN ALIMENTARIA SIN LA PRESENCIA DE LAS PARTES, VIOLENTANDO ASÍ EL DEBIDO PROCESO DE LEY QUE LES COBIJA.

Transcurrido el término del recurrido para presentar su alegato en oposición a la expedición del auto de *certiorari*, el recurso está perfeccionado y listo para adjudicación.

---

[6] *Id.*, pág. 66.

Luego de revisar el escrito de la peticionaria y los documentos que obran en autos, estamos en posición de resolver.

-II-

A.

Como cuestión de umbral, la Regla 52.1 de Procedimiento Civil establece el alcance de la revisión discrecional de las resoluciones u órdenes interlocutorias emitidas por el Tribunal de Primera Instancia en los siguientes términos:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia[…].[7]

1.

Rebasado el umbral establecido en la Regla 52.1 de Procedimiento Civil, *supra*, corresponde a este tribunal intermedio determinar si procede revisar la determinación interlocutoria recurrida.

A esos efectos, el auto de *certiorari* es el vehículo procesal extraordinario utilizado para que un tribunal de mayor jerarquía pueda corregir un error de derecho cometido por un tribunal inferior.[8] Distinto al recurso

---

[7] Regla 52.1 de Procedimiento Civil (32 LPRA Ap. V).
[8] *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 846-847 (2023); *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 728-729 (2016); *García v. Padró*, 165 DPR 324, 334 (2005).

de apelación, el tribunal de superior jerarquía tiene la facultad de expedir el auto de *certiorari* de manera discrecional, por tratarse de ordinario de asuntos interlocutorios.[9] Sin embargo, nuestra discreción debe ejercerse de manera razonable, procurando siempre lograr una solución justiciera.[10]

Por su parte, la Regla 40 del Reglamento de este Tribunal establece los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *certiorari*. Sobre el particular dispone:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.[11]

---

[9] *Torres González v. Zaragoza Meléndez, supra*, pág. 847; *Medina Nazario v. McNeil Healthcare LLC, supra*, pág. 729; *García v. Padró, supra*, pág. 334.

[10] *Torres González v. Zaragoza Meléndez, supra*, pág. 847; *Mun. Caguas v. JRO Construction, Inc.*, 201 DPR 703, 711-712 (2019); *IG Builders et al. v. BBVAPR*, 185 DPR 307, 338 (2012); *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008).

[11] *Torres González v. Zaragoza Meléndez, supra*, pág. 848; *Mun. Caguas v. JRO Construction, Inc., supra*; 4 LPRA Ap. XXII-B, R. 40.

Ahora bien, una vez este Foro decide expedir el auto de *certiorari*, asume jurisdicción sobre el asunto en controversia y se coloca en posición de revisar los planteamientos en sus méritos.[12] Sobre el particular, el Tribunal Supremo de Puerto Rico, en adelante el TSPR, afirmó:

> Asumir jurisdicción sobre un asunto, expidiendo el auto de *certiorari*, ha sido definido como la autoridad en virtud de la cual los funcionarios judiciales conocen de las causas y las deciden. Constituye la facultad de oír y resolver una causa y de un tribunal a pronunciar sentencia o resolución conforme a la ley. Dicha jurisdicción incluye la facultad de compeler a la ejecución de lo decretado y puede decirse que es el derecho de adjudicar con respecto al asunto de que se trata en un caso dado.[13]

En fin, al asumir jurisdicción sobre el asunto que tiene ante su consideración mediante la expedición de un auto de *certiorari*, este Tribunal cumple su función principal de revisar las decisiones del foro de instancia para asegurarse que las mismas son justas y que encuentran apoyo en la normativa establecida.[14]

**B.**

En lo aquí pertinente, el Código Civil de 2020, que aplica a la controversia ante nuestra consideración, dispone que "[l]a compensación tiene lugar cuando dos personas son, por derecho propio, recíprocamente acreedoras y deudoras la una de la otra. Su efecto es extinguir una y otra deuda en la cantidad concurrente, aunque no tengan conocimiento de ella ni el acreedor ni el deudor".[15] Específicamente, **la compensación procede cuando no se reclama en concepto de deudas de alimentos**

---

[12] H. A. Sánchez Martínez, *Práctica Jurídica de Puerto Rico, Derecho Procesal Apelativo*, San Juan, Lexis-Nexis de Puerto Rico, Inc., 2001, pág. 547.
[13] *Negrón v. Srio. de Justicia*, 154 DPR 79, 92-93 (2001).
[14] *Id.*, pág. 93.
[15] Art. 1144 del Código Civil de Puerto Rico de 2020, 31 LPRA sec. 9221.

**a título gratuito**[16] y si median las siguientes circunstancias:

    (a)  …cada una de las personas obligadas lo está principalmente, y es, a la vez, acreedora principal de la otra;

    (b)  ambas deudas consisten en una cantidad de dinero o, si las cosas debidas son fungibles, de la misma especie y la misma calidad, cuando esta se ha designado;

    (c)  ambas deudas son líquidas, vencidas y exigibles;

    (d)  sobre ninguna de ellas hay suspensión de pago o contienda promovida por terceras personas y notificada oportunamente al deudor; y

    (e)  no existe una prohibición legal.[17]

### C.

"[E]n nuestra jurisdicción, los menores tienen un derecho fundamental a reclamar alimentos,… los casos relacionados con alimentos de menores están revestidos del más alto interés público y… en éstos el interés no puede ser otro que el bienestar del menor".[18] En virtud de los principios adoptados por la jurisprudencia del TSPR, la *Ley Orgánica de la Administración para el Sustento de Menores*, según enmendada, reitera que los padres y las madres tienen un deber continuo de sustento y manutención de sus hijos menores de edad y que a base de ello, los tribunales están facultados para ordenarles pagar una suma justa y razonable por concepto de pensión alimentaria.[19] Así pues, las herramientas allí establecidas tienen una naturaleza inherentemente forzosa, cuyo fin ulterior es que los alimentantes

---

[16] 31 LPRA sec. 9226. (Énfasis suplido).
[17] 31 LPRA sec. 9222.
[18] *Figueroa Robledo v. Rivera Rosa*, 149 DPR 565, 572 (1999).
[19] Art. 4 de la Ley Núm. 5-1986 (8 LPRA sec. 503).

cumplan con la obligación personal de alimentar a los hijos menores, con bienes de su propio peculio.[20]

Conviene mencionar, que aunque la persona custodia tiene la facultad de reclamar el pago de las pensiones alimentarias a nombre de sus hijos, son los menores los acreedores de la pensión alimentaria.[21] Así pues, el derecho a alimentos es una obligación *sui generis* que no es negociable ni transferible a un tercero.[22]

Ahora bien, "[e]n aquellas ocasiones en que uno de los padres alimentantes ha pagado en exceso de lo que le corresponde, tiene un crédito a su favor por ese excedente".[23] Sin embargo, la obligación de prestar alimentos no se puede extinguir "con lo que el alimentista deba al que ha de prestarlos".[24] Es decir, la compensación a favor del alimentante está excluida en los casos de "alimentos debidos por título gratuito".[25] Por lo tanto, la parte que ha pagado en exceso tiene una acción personal de reembolso independiente de las obligaciones alimentarias.[26]

## -III-

Como cuestión de umbral determinamos, que por tratarse de una *Resolución* emitida en un caso de familia tenemos facultad para revisarla.

A los efectos del resultado alcanzado basta discutir el primer señalamiento de error.

Para la peticionaria, erró el TPI al modificar una resolución final y firme que reconoce la existencia de

---

[20] *De León Ramos v. Navarro Acevedo*, 195 DPR 157, 176 (2016); *Figueroa Robledo v. Rivera Rosa*, *supra*, pág. 578.
[21] *Toro Sotomayor v. Colón Cruz*, 176 DPR 528, 535 (2009).
[22] J. Puig Brutau, *Fundamentos del Derecho Civil*, 4.ᵗᵃ ed., Barcelona, Ed. Bosch, 1988, T. I, Vol. II, pág. 381.
[23] *Figueroa Robledo v. Rivera Rosa*, *supra*, págs. 572-573.
[24] Puig Brutau, *op. cit.*
[25] *Id*.
[26] *Figueroa Robledo v. Rivera Rosa*, *supra*, pág. 574.

un crédito a favor del recurrido y la forma de ejecutarlo y en cambio, aplicar la figura de la compensación deduciendo el crédito completo contra la deuda de pensión alimentaria de los hijos menores de edad de las partes. Tiene razón. Veamos.

El fundamento de esta *Sentencia* está claramente establecido en el Artículo 1149 del Código Civil de 2020. Este dispone de forma categórica que la compensación no procede respecto a deudas de alimentos a título gratuito, *supra*. Ello es consecuencia del reconocimiento legislativo del carácter *sui generis* de la obligación de proveer alimentos a los hijos menores de edad. Por considerarse que emana del derecho a la vida de los menores alimentistas,[27] la obligación de alimentar a estos no es de naturaleza civil ordinaria a la cual aplique, como medio de extinción, el mecanismo de la compensación. Por tal razón, erró el foro recurrido al descontar el crédito a favor del señor Soldevilla de la deuda de alimentos.

Lo anterior no significa que el recurrido carezca de remedios para recobrar las cantidades que pagó en exceso. Lo tiene, pero no en el pleito de alimentos, sino en una acción personal independiente de cobro de dinero.

**-IV-**

Por los fundamentos previamente expuestos, se revoca la *Resolución* recurrida; se deja sin efecto la consignación del crédito del recurrido contra la deuda de alimentos de los menores; se reinstala la deuda

---

[27] *James Soto v. Montes Díaz*, 2024 TSPR 27. ("Reiteradamente, hemos expresado que la obligación de todo progenitor de proveer alimentos a sus hijos e hijas está revestida del más alto interés público. Es una política que surge del derecho a la vida consagrado en la Carta de Derechos de la Constitución de Puerto Rico").

alimentaria original; y se devuelve el caso al Tribunal de Primera Instancia para la continuación de los procedimientos conforme a lo dispuesto en la presente *Sentencia*.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones