ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| **YANIRA MERCEDES CALDERÓN ROMERO**<br><br>Recurrido<br><br>v.<br><br>**CARLOS GUSTAVO MARTÍNEZ ECHEVARRÍA**<br><br>Peticionario | KLCE202500081 | ***CERTIORARI*** procedente del Tribunal de Primera Instancia, Sala Superior de **San Juan**<br><br>Civil Núm.:<br>**CA2022RF00463**<br><br>Sobre: Alimentos – Menores de Edad |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y la Juez Barresi Ramos.

Cintrón Cintrón, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 31 de marzo de 2025.

El señor Carlos Gustavo Martínez Echevarría (señor Martínez Echevarría o peticionario) acude ante nos mediante recurso de *Certiorari* y solicita que revoquemos la *Resolución* notificada el 3 de diciembre de 2024, por el Tribunal de Primera Instancia (TPI), Sala Superior de San Juan. Mediante la misma, entre otras cosas, el TPI modificó la obligación de alimentos del peticionario y estableció una pensión alimentaria básica provisional, efectiva al 1 de diciembre de 2024.

Por los fundamentos que exponemos a continuación, se expide el auto de *certiorari* y se revoca el dictamen impugnado.

**I.**

Según surge del expediente, el señor Martínez Echevarría y la señora Yanira Mercedes Calderón Romero (señora Calderón Romero o recurrida) son los progenitores de ANMC y KMMC, quienes en la actualidad tienen 19 y 15 años, respectivamente. Mediante *Sentencia* dictada el 8 de noviembre de 2022 en el caso núm.

CA2022RF00463, y tras acuerdo entre las partes, se estableció una pensión alimentaria permanente a ser pagada por el señor Martínez Echevarría de $750.00 mensuales en beneficio de ANMC y KMMC, más el 50% de los gastos médicos, escolares y extraordinarios previamente estipulados.[1]

El 24 de octubre de 2023, el señor Martínez Echevarría solicitó la custodia monoparental de las menores ANMC y KMMC, en el caso núm. SJ2023RF01518.[2] Adujo que, aunque en ese momento sus hijas residían con la señora Calderón Romero, pasaban los fines de semana con él y mantenían constante comunicación.[3] La madre de las menores se opuso a dicho petitorio oportunamente. Solicitó que se ordenara a las partes someterse a una evaluación efectuada por la Unidad Social de Familia y Menores de la Administración de los Tribunales y/o fueran referidos al procedimiento de mediación para el manejo de las desavenencias. Por último, requirió la desestimación de la demanda.

Luego de la investigación de rigor, el 30 de mayo de 2024, la trabajadora social asignada al caso presentó el correspondiente *Informe Social* con sus recomendaciones en torno a la custodia monoparental solicitada por el señor Martínez Echevarría. El 24 de julio de 2024, el TPI dictó una *Resolución,* por medio de la cual estableció, entre otras cosas, lo siguiente:[4]

> 1. Hasta tanto concluya la investigación de la Unidad de Investigaciones Especiales del Departamento de la Familia, la custodia de las menores [...] será ostentada por ambos padres. La distribución del tiempo no es al cincuenta por ciento. El plan filial será el siguiente:
>
>     a. En semanas alternas, las menores estarán bajo la custodia de su madre de jueves a lunes.

---

[1] Apéndice del recurso, págs. 101-102.

[2] El **12 de septiembre de 2023**, en el caso CA2022RF00463, el señor Martínez Echevarría presentó *Solicitud de Custodia Compartida*. Apéndice del recurso, págs. 99- 100. Mediante *Orden* decretada el **23 de octubre de 2023**, se le requirió instar caso independiente, pagar aranceles y emplazar.

[3] Al día siguiente presentó una *Petición de Custodia Enmendada*. Apéndice del recurso, págs. 111-112.

[4] Apéndice del recurso, págs. 106-108.

> Recogiendo a la menor de sus hijas en la escuela el jueves al culminar su periodo de clases y devolviéndola el domingo en el hogar del Sr. Martínez a las 5pm. Cuando no sea tiempo lectivo, el recogido y la entrega será en el hogar paterno.

[...]

El 31 de octubre de 2024, la señora Calderón Romero presentó una solicitud de desacato en el caso de alimentos. Alegó que el señor Martínez Echevarría incumplió con el pago de la pensión alimentaria acordada y con los gastos extraordinarios, desde agosto de 2024. Detalló que éste adeudaba la cantidad de $1,950.00, desglosada de la siguiente manera: $1,750.00 de pensión alimentaria atrasada correspondiente a los meses de agosto, septiembre y octubre de 2024; $209.50 equivalente al 50% del deducible por la extracción de los cordales de ANMC. Expresó que, a pesar de que el señor Martínez Echevarría alegaba tener una custodia compartida, ello no eliminaba automáticamente la obligación de pensión alimentaria. Precisó que el señor Martínez Echevarría no podía auto-ajustarse la pensión o descontar unilateralmente gastos en beneficio de las menores sin la previa autorización del Tribunal.[5]

El 1 de noviembre de 2024, el foro de instancia emitió una orden para mostrar causa en contra del señor Martínez Echevarría por la deuda de la pensión alimentaria y pautó una vista de desacato civil. En cuanto a los gastos médicos, se le concedieron 20 días a este último para replicar *so pena* de conceder lo solicitado.[6]

El 6 de noviembre de 2024, el señor Martínez Echevarría instó una *Oposición a Solicitud de Desacato y Solicitud de Revisión de Pensión Alimentaria*.[7] Adujo que KMMC residía con él todo el tiempo, y la señora Calderón Romero no estaba teniendo los fines de semana alternos que dispuso el Tribunal, ni hacía aportación alguna para

---

[5] Apéndice del recurso, págs. 84-85.
[6] Apéndice del recurso, págs. 82-83.
[7] Apéndice del recurso, págs. 60-63.

su sostenimiento. Añadió que la mayor de sus hijas, ANMC, estudiaba y trabajaba, y aunque residía con la señora Calderón Romero, lo visitaba a él y éste aportaba $245.00 mensuales a cierto gasto dental. Además, admitió que no hizo los pagos de la pensión alimentaria correspondiente a los meses de septiembre y octubre de 2024. En cuanto al gasto médico extraordinario, alegó que la señora Calderón Romero le informó del mismo el día antes del procedimiento y no había podido obtener el dinero.

A su vez, el señor Martínez Echevarría esgrimió que no quiso solicitar la revisión de la pensión alimentaria hasta que no fuera final la orden del Tribunal en el caso de custodia. Sostuvo que tenía la custodia de la menor KMMC todo el tiempo porque la señora Calderón Romero no la buscaba los fines de semana alternos que le correspondía, por lo que el tuvo que asumir solo los gastos de manutención. Subrayó que, insistir en que pagara la pensión alimentaria completa cuando la menor de sus hijas pasaba todo el tiempo con él desde el mes de julio de 2024, no demostraba buena fe e incluso podía constituir abuso del derecho. Hizo hincapié en que no tenía recursos para pagar la pensión alimentaria y a la misma vez cubrir todas las necesidades de su hija menor. Ante ello, solicitó del Tribunal que revisara la pensión alimentaria que cada parte tenía que sufragar para el sostenimiento de sus hijas menores desde agosto de 2024. El 26 de noviembre de 2024, el señor Martínez Echevarría requirió que se suspendieran los pagos de la pensión alimentaria y cada progenitor asumiera el sostenimiento de la hija con quien vive mientras se actualizaba el informe social y se dictaba una orden final de custodia.[8]

---

[8] *Solicitud de Orden sobre Pagos de Pensión*, apéndice del recurso, págs. 50-52.

Página **5** de **12**

Celebrada la vista de desacato, el 3 de diciembre de 2024, el TPI dictó la *Resolución* que hoy revisamos, en la cual dispuso lo siguiente:

1. El Tribunal encuentra al caballero incurso en desacato ante su incumplimiento con el pago de la pensión alimentaria. La deuda asciende a $1,700.00. No obstante, nos abstenemos de emitir la orden de arresto y establecemos un plan de pago ascendente a $425.00 mensuales por los próximos cuatro meses pagaderos en o antes del 30 de cada mes.

2. **Considerando el cambio de circunstancias en cuanto la custodia física de las menores, utilizando los mismos ingresos que se utilizaron cuando se estableció la pensión, el Tribunal modifica la pensión y establece una pensión básica provisional. El caballero deberá pagar a [la suma] de $113.14.** El padre es responsable del 57.14 % de los gastos médicos, escolares y extraordinarios y la madre es responsable del 42.86 %. **Esta pensión es efectiva al primero de diciembre.** La pensión se debe pagar dentro de los primeros 5 días del mes. **Se establece una Vista de Revisión ante la Examinadora de Pensiones Alimentarias para el 9 de enero de 2025, a las 3:30pm, a celebrarse a través del mecanismo de la videoconferencia.** Se le[s] concede a las partes 15 días para presentar las Planillas de Información Personal y Económica.[9] (Énfasis nuestro).

3. Se le concede al caballero 5 días para el pago de $209.50 relacionados a los cordales y $280.46 del *Invisalign.*

4. Se imponen $200.00 de honorarios de abogado y 30 días para su pago.

Inconforme con la determinación del TPI, el señor Martínez Echevarría solicitó su reconsideración y, además, requirió que la pensión alimentaria provisional fijada en este caso por cambio de circunstancias en cuanto la custodia se hiciera retroactiva a agosto de 2024, según *Resolución* del TPI en el caso SJ2023RF01518. Recalcó que, en dicha fecha, su hija KMMC se fue a vivir con él a tiempo completo. Además, solicitó que se acreditaran los $600.00 pagados en el mes de agosto de 2024 a la pensión alimentaria que correspondía a los meses de agosto a diciembre de 2024. La señora

---

[9] Énfasis en el original eliminado.

Calderón Romero incoó su oposición al petitorio de reconsideración el 7 de enero de 2025.[10]

El 8 de enero de 2025, el TPI emitió una *Resolución*, a través de la cual declaró *No Ha Lugar* la solicitud de reconsideración. El foro primario dispuso que, conforme a nuestro ordenamiento jurídico, las reducciones de pensión alimentaria son efectivas desde el momento en que el Tribunal decide la solicitud y no antes. Resaltó que, en el caso de autos, a pesar del cambio en circunstancias en cuanto a la custodia física de la menor [KMMC], el señor Martínez Echevarría no solicitó la revisión de la pensión alimentaria hasta el 6 de noviembre de 2024. Añadió que dicha solicitud fue atendida, de manera provisional, menos de un mes después.

Aun insatisfecho, el señor Martínez Echevarría comparece ante este Tribunal en recurso de *Certiorari* y en su escrito alega que el TPI cometió los siguientes errores:

1. ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DETERMINAR QUE NO PROCEDÍA EL AJUSTE DE PENSIÓN PORQUE (SIC), A PESAR DE QUE LA MENOR NO ESTABA BAJO LA CUSTODIA DE LA DEMANDADA.

2. ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL NO ENCONTRAR QUE LA DEMANDADA HABÍA INCURRIDO EN ABUSO DEL DERECHO AL RECLAMAR UNA DEUDA DE PENSIÓN, AUNQUE LA MENOR NO ESTABA BAJO SU CUSTODIA, POR ORDEN DEL TRIBUNAL.

El 28 de enero de 2025, el señor Martínez Echevarría instó una *Moción en Auxilio de Jurisdicción*, con el objetivo de que ordenáramos la paralización de los tres (3) plazos restantes de la deuda impuesta, mientras atendíamos los méritos del recurso. Ese mismo día, emitimos *Resolución* y denegamos la solicitud de paralización. Por igual, este Tribunal concedió 10 días a la señora Calderón Romero para presentar su alegato. En vista de que ello no ocurrió y, transcurrido en exceso el término concedido, resolveremos

---

[10] Apéndice del recurso, págs. 12-13.

la controversia que hoy nos ocupa sin el beneficio de su comparecencia.

## II.

## A.

El recurso de *certiorari* es el mecanismo procesal idóneo para que un tribunal de superior jerarquía pueda enmendar los errores que cometa el foro primario, sean procesales o sustantivos *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 81(2023); *León v. Rest. El Tropical*, 154 DPR 249 (2001). La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone taxativamente los asuntos que podemos atender mediante el referido recurso. *Caribbean Orthopedics v. Medshape, et al.*, 207 DPR 994 (2021); *Scotiabank v. ZAF Corp. et al.*, 202 DPR 478 (2019).[11]

Sin embargo, distinto al recurso de apelación, la expedición del auto de *certiorari* está sujeta a la discreción del foro revisor. La discreción consiste en una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión ecuánime. Ahora bien, no significa poder actuar en una forma u otra, haciendo abstracción del resto del derecho, porque, ciertamente, eso constituiría un abuso de discreción. *García v. Padró*, 165 DPR 324, 334-335 (2005).

Así, para que este Foro pueda ejercer con mesura la facultad discrecional de entender, o no, en los méritos, una petición de *certiorari,* la Regla 40 del Reglamento del Tribunal de Apelaciones

---

[11] El recurso de *certiorari,* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Regla 52.1 de Procedimiento Civil, supra.

enumera los criterios que viabilizan dicho ejercicio. En particular, la referida Regla dispone lo siguiente:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

4 LPRA Ap. XXII-B, R. 40.

Los criterios antes transcritos nos sirven de guía para poder, de manera sabia y prudente, tomar la determinación de si procede o no intervenir en el caso en la etapa del procedimiento en que se encuentra. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008). De no encontrarse presente alguno de los criterios anteriormente enumerados en un caso ante nuestra consideración, no procede nuestra intervención.

Además, es importante enfatizar que todas las decisiones y actuaciones judiciales se presumen correctas y le compete a la parte que las impugne probar lo contrario. *Vargas v. González,* 149 DPR 859, 866 (1999).

**B.**

Sabido es que los casos relacionados con los alimentos de los menores están revestidos del más alto interés público y que en estos el norte es el bienestar del menor. *Toro Sotomayor v. Colón Cruz,* 176

DPR 528, 535 (2009); *Argüello v. Argüello,* 155 DPR 62 (2001); *Figueroa Robledo v. Rivera Rosa,* 149 DPR 565, 572 (1999). La Constitución de Puerto Rico[12] establece que la obligación de los padres de alimentar a sus hijos menores de edad es parte del derecho a la vida. *De León Ramos v. Navarro Acevedo,* 195 DPR 157 (2016).

El Código Civil de Puerto Rico[13] regula los derechos que cobijan a los menores, entre ellos el derecho de alimentos. El Artículo 653 de dicho cuerpo legal también define el término alimentos. Dispone dicho artículo:

> Se entiende por alimentos todo lo que es indispensable para el sustento, la vivienda, la vestimenta, la recreación y la asistencia médica de una persona, según la posición social de su familia.
> Cuando el alimentista es menor de edad, los alimentos comprenden también su educación, las atenciones de previsión acomodadas a los usos y a las circunstancias de su entorno familiar y social y los gastos extraordinarios para la atención de sus condiciones personales especiales.

31 LPRA sec. 7531.

En el ámbito de los procedimientos legales para la imposición, revisión o modificación de una pensión alimentaria, la *Ley Orgánica de la Administración para el Sustento de Menores*, Ley Núm. 5 de 30 de diciembre de 1986, según enmendada, 8 LPRA sec. 501-529 (a), le exige al juzgador computar la misma mediante las *Guías Mandatorias para Computar las Pensiones Alimentarias en Puerto Rico.*[14]

La obligación de alimentar al menor es inherente a la maternidad y a la paternidad, por lo que recae sobre los obligados desde el momento en el que la relación filial queda establecida legalmente, independientemente de las fuentes de las cuales emana la obligación de alimentar. *Díaz Rodríguez v. García Neris, Díaz*

---

[12] Art. II, Sec. 7, Const. ELA, LPRA, Tomo I.
[13] Código Civil de Puerto Rico, Ley Núm. 55-2020, según enmendada.
[14] Las Guías Mandatorias fueron emitidas de conformidad con el Artículo 19 de la *Ley Orgánica de la Administración para el Sustento de Menores*, supra.

*Rodríguez v. García Neris*, 208 DPR 706, 717-718 (2022) (citas omitidas); *Santiago, Maisonet v. Maisonet Correa*, 187 DPR 550, 559 (2012).

La *Ley Orgánica de la Administración para el Sustento de Menores* y las *Guías Mandatorias* fomentan la uniformidad del principio de proporcionalidad. Al respecto, nuestro Tribunal Supremo expresó en *Díaz Rodríguez v. García Neris*, supra, pág. 719:

> A través de un descubrimiento de prueba amplio y compulsorio sobre la situación económica de las partes, las Guías permiten establecer de manera uniforme y equitativa la aportación monetaria de cada parte mediante criterios numéricos y descriptivos que toman en consideración los ingresos de los obligados y las necesidades de los menores. *De León Ramos v. Navarro Acevedo*, supra, pág. 170, *Santiago, Maisonet v. Maisonet Correa*, supra, pág. 564.

### III.

Debido a que la controversia bajo nuestra consideración versa sobre un asunto de alimentos, podemos revisar discrecionalmente la decisión recurrida por vía del auto de *certiorari,* al palio de la Regla 52.1 de Procedimiento Civil, *supra.*

Según expuesto, en el caso de referencia, el Tribunal consideró el cambio de circunstancias en cuanto la custodia física de las menores ANMC y KMMC. A raíz de lo anterior, utilizó los mismos ingresos que se utilizaron cuando se estableció la pensión alimentaria permanente, modificó la pensión y estableció una pensión básica provisional, a ser efectiva desde el 1 de diciembre de 2024. Además, refirió el caso para una revisión ante la Examinadora de Pensiones Alimentarias. Sobre la fecha de efectividad de la pensión, el foro *a quo* sostuvo que la solicitud del peticionario para que ésta se hiciera retroactiva no procedía en derecho.

En su recurso, el peticionario impugna la determinación del Tribunal de no hacer retroactiva la fecha de efectividad de la pensión alimentaria provisional al mes de agosto de 2024, momento en que

su hija menor KMMC se fue a vivir con él a tiempo completo. Añade que el TPI erró al determinar que adeuda $1,700.00 de pensión alimentaria cuando tuvo a KMMC el 100% del tiempo durante los meses de agosto, septiembre, octubre y noviembre de 2024. Esboza que el ejercicio del derecho de la recurrida va en contra de los fines económicos y sociales para los que fue creado. Por ende, nos invita a revocar la *Resolución* impugnada.

Analizado el expediente con detenimiento, entendemos que el foro *a quo* erró al emitir su dictamen, por lo que procede nuestra intervención. Bajo las circunstancias particulares que presenta el caso, y con el propósito de hacer justicia, lo más adecuado y conveniente es que la **pensión alimentaria básica provisional** de $113.14 mensuales, establecida por el TPI el 3 de diciembre de 2024, se haga retroactiva a agosto de 2024, fecha desde la cual KMMC está bajo el cuidado completo del peticionario. Nótese que no estamos ante una situación de rebaja de pensión, más bien se trata de una revisión del foro de instancia como consecuencia del cambio de circunstancias en la custodia física de las menores, específicamente de KMMC.[15]

Por ende, razonamos que se equivocó el TPI al no establecer que la **pensión alimentaria provisional** a ser pagada por el peticionario fuera de forma retroactiva. De hecho, de la *Minuta* de la

---

[15] El Art. 19 de la *Ley Orgánica de la Administración para el Sustento de Menores*, supra, expresa, en lo pertinente, que: "[...] Además no estará sujeta a reducción retroactiva en Puerto Rico ni en ningún estado, **excepto que en circunstancias extraordinarias** el Tribunal o el Administrador podrán hacer efectiva la **reducción** a la fecha de la notificación de la petición de reducción al alimentista o acreedor o de la notificación de la intención de **modificar**, según sea el caso… [...]". Entendemos que este caso versa sobre una **modificación o ajuste** por circunstancias extraordinarias ante la adjudicación de custodia compartida en **julio de 2024** y posteriormente el ejercicio de custodia monoparental por cada progenitor. Cabe resaltar que, según surge del expediente, ambos casos (el de alimentos y el de custodia) están ante la consideración de la Hon. Jueza Leilaní Torres Roca, por lo cual debe tener conocimiento judicial de las reclamaciones

vista celebrada el 2 de diciembre de 2024, el propio Tribunal aclaró a las partes que, aun cuando la revisión de la pensión alimentaria es prospectiva, éste puede determinar que sea retroactiva.[16] Así, concluimos que el peticionario no incurrió en desacato y que procede dejar sin efecto dicha determinación. Por igual, procede dejar sin efecto la imposición de honorarios de abogado de $200.00.

En conclusión, con el objetivo de evitar un fracaso de la justicia, procede expedir el auto de *certiorari* solicitado y revocar la decisión recurrida. Ello, a los efectos de establecer que la fecha de retroactividad de **la pensión alimentaria provisional** a ser pagada por el peticionario será agosto de 2024.

**IV.**

Por los fundamentos expuestos, se expide el auto de *certiorari* y se revoca la *Resolución* recurrida. Se devuelve el caso al TPI para la continuación de los procedimientos, conforme lo aquí resuelto.

Lo acordó y manda el Tribunal y lo certifica la Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[16] Apéndice del recurso, págs. 44-46.