| | | |
|---|---|---|
| Estado Libre Asociado de Puerto Rico<br>TRIBUNAL DE APELACIONES<br>PANEL II | | |
| GLORIA IVETTE RODRÍGUEZ CUADRADO<br><br>Parte Apelada<br><br>v.<br><br>JOSÉ LUIS BARRIOS<br><br>Parte Apelante | TA2025AP00520 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior San Juan<br><br>Caso Núm.: SJ2025RF01502<br><br>SALA: 701<br><br>Sobre: Alimentos – Menores de Edad, Custodia – Monoparental o Compartida, Divorcio – Ruptura Irreparable |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, el Juez Rodríguez Flores y la Jueza Díaz Rivera.

Díaz Rivera, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 6 de abril de 2026.

Comparece ante *nos,* José Luis Barrios (Barrios o apelante) y nos solicita que revisemos una *Resolución* emitida y notificada el 12 de septiembre de 2025, por el Tribunal de Primera Instancia (TPI o foro primario), Sala Superior de San Juan. A través del dictamen recurrido, el foro primario fijó una pensión alimentaria permanente a favor de la menor GBR de $6,083.20 mensuales, efectiva del 1 de noviembre de 2024 hasta el 30 de junio de 2025 y una de $6,174.86 mensuales, efectiva del 1 de julio de 2025 en adelante. Además, ordenó a la parte apelante a satisfacer el 100% de los gastos escolares, médicos y extraordinarios. Asimismo, dispuso que el gasto de *day care* o mensualidades escolares y/o cuido supervisado, alimentos y/o cafetería, se pagarán directo a estos.

Por los fundamentos que expondremos a continuación, *confirmamos* la *Resolución* recurrida.

**I.**

El 1 de noviembre de 2024, Gloria Ivette Rodríguez Cuadrado (Rodríguez Cuadrado o apelada) presentó una *Demanda* de divorcio en contra de Barrios. Allí, solicitó la custodia de la menor GBR procreada entre las partes y además, que el caso fuera referido a la Examinadora de Pensiones Alimentarias (EPA) para que se estableciera una pensión alimentaria a favor de la menor. Oportunamente, el 19 de diciembre de 2024, el apelante presentó su *Contestación a Demanda.*

Así las cosas, el 7 de enero de 2025, la parte apelada presentó una *Moción al Expediente Judicial Sometiendo PIPE* mediante la cual incluyó su Planilla de Información Personal y Económica (PIPE). Acto seguido, el 8 de enero de 2025, Barrios presentó una *Moción en Cumplimiento de Orden* mediante la cual le informó al foro primario que se encontraba en proceso de determinar si asumiría capacidad económica. El 14 de enero de 2025, en la Vista Inicial de Pensión, las partes informaron a la EPA haber llegado a un acuerdo provisional sobre la pensión alimentaria de la menor. Dicha pensión alimentaria provisional se estableció en $4,000.00.

Posteriormente, el 17 de enero de 2025, el TPI dictó *Sentencia* de divorcio. Ese mismo día, la EPA emitió un *Informe de la Examinadora de Pensiones Alimenticias* sobre el acuerdo provisional de pensión de alimentos entre las partes. Consecuentemente, el 21 de enero de 2025, el foro primario emitió una *Resolución* mediante la cual estableció de manera provisional la pensión alimentaria en $4,000.00. Luego de varios incidentes procesales, innecesarios pormenorizar, el 15 de agosto de 2025, se llevó a cabo la Vista Final de Pensión de Alimentos. Subsiguientemente, el 12 de septiembre

de 2025, la EPA emitió un segundo *Informe de la Examinadora de Pensiones Alimenticias.* En su informe, la EPA dispuso, entre otras cosas, que el único testimonio que se presentó fue el de Rodríguez Cuadrado.

El 12 de septiembre de 2025, el TPI emitió una *Resolución,* notificada en esa misma fecha, mediante la cual fijó una pensión alimentaria permanente a favor de la menor GBR de $6,083.20 mensuales, efectiva del 1 de noviembre de 2024 hasta el 30 de junio de 2025 y una de $6,174.86 mensuales, efectiva del 1 de julio de 2025 en adelante y ordenó a la parte apelante a satisfacer el 100% de los gastos escolares, médicos y extraordinarios. Además, dispuso que el gasto de *day care* o mensualidades escolares y/o cuido supervisado, alimentos y/o cafetería, se pagarán directo a estos. Finalmente, determinó que los gastos de uniformes, *back to school,* materiales, actividades escolares, cuotas y otros relacionados a la educación de la menor, serian satisfechas por reembolso en un término estipulado de diez (10) días, previa evidencia del gasto o costo por acuerdo entre las partes. Además, el gasto de mantenimiento del automóvil también se estipuló que se pagaría mediante reembolso.

Inconforme, el 29 de septiembre de 2025, el apelante presentó una *Moción de Reconsideración.* El 6 de octubre de 2025, la apelada presentó una *Oposición a Moción de Reconsideración.* Entretanto, el 7 de octubre de 2025, el foro primario emitió una *Resolución* mediante la cual declaró *No Ha Lugar* la solicitud de reconsideración. Inconforme aun, el 6 de noviembre de 2025, Barrios compareció ante *nos* mediante un recurso de *Apelación* y alegó la comisión del siguiente error:

> **Erró el Honorable Tribunal de Primera Instancia al adjudicar la partida por concepto de cuidadora de la menor sin que mediara evidencia documental, ni recibos, ni constancia alguna en la Planilla de Información Personal y Económica que acreditara**

**dicho gasto, limitándose a aceptar el testimonio unilateral, contradictorio y no corroborado de la parte Demandante.**

Examinado el recurso ante nuestra consideración, el 1 de diciembre de 2025, emitimos una *Resolución* mediante la cual le concedimos un término a la parte apelada para presentar su posición al recurso. Acaecidos varios incidentes procesales, el 19 de enero de 2026, la parte apelada presentó un *Alegato Responsivo*. Por su parte, el 20 de enero de 2026, Barrios presentó un *Alegato Suplementario.* Contando con el beneficio de la comparecencia de todas las partes, procedemos a resolver.

**II.**

**A. Alimentos**

Es norma conocida en nuestra jurisdicción que los casos relacionados con alimentos de menores están revestidos de un alto interés público. *Franco Resto v. Rivera Aponte*, 187 DPR 137 (2012). Nuestro máximo Foro ha establecido que, el derecho a reclamar alimentos forma parte del derecho a la vida consagrado en la Constitución de Puerto Rico. Art. II, Sec. 2, Const. PR, LPRA, Tomo I; *Fonseca Zayas v. Rodríguez Meléndez,* 180 DPR 623 (2011). Véase, además, *Torres Rodríguez v. Carrasquillo Nieves*, 177 DPR 728 (2009); *Figueroa Robledo v. Rivera Rosa,* 149 DPR 565 (1999).

Como parte de la política pública que impera en nuestra jurisdicción, los padres o personas legalmente responsables de menores de edad están en la obligación a contribuir, en la medida en que sus recursos lo permitan, a la manutención y bienestar de sus hijos. Artículo 3, Ley Núm. 5 de 30 de diciembre de 1986, según enmendada, conocida como "Ley Orgánica para la Administración para el Sustento de Menores" (8 LPRA sec. 502) (Ley Núm. 5-1986).  Así pues, son los padres, en primera instancia, los llamados

a proveer alimentos a sus hijos. *Martínez De Andino v. Martínez De Andino,* 184 DPR 379 (2012).

A esos efectos, el Artículo 590 del Código Civil de 2020 (31 LPRA sec. 7242) establece que los progenitores tienen sobre el hijo sujeto a su patria potestad el deber de (a) velar por el y tenerlo en su compañía; (b) alimentarlo y proveerle lo necesario para su desarrollo y formación integral; (c) inculcarle valores y buenos hábitos de convivencia y el respeto a sí mismo y hacia los demás; (d) corregirlo y disciplinarlo según su edad y madurez intelectual y emocional y castigarlo moderadamente o de una manera razonable; y (e) representarlo en el ejercicio de las acciones que puedan redundar en su provecho y en aquellas en las que comparece como demandado. Sobre el particular, es menester destacar que el derecho de los hijos a recibir alimentos no se extingue por razón del divorcio de sus padres. *Martínez De Andino v. Martínez De Andino, supra,* págs. 384-385.

El deber de alimentar a los hijos menores de edad está fundamentado en el derecho a la vida consagrado en la Sección 7 Artículo II de la Constitución de Puerto Rico. *Umpierre Matos v. Juelle Abello,* 203 DPR 254 (2019). Así pues, se ha establecido que "el derecho de los menores a reclamar alimentos, la obligación de los padres de proveerlos y la interpretación de los tribunales para concederlos, deben estar enmarcados en la relación paterno-filial legalmente establecida; no supeditada a uno u otro artículo del Código Civil". *Argüello v. Argüello,* 155 DPR 62 (2001); *Chévere v. Levis I,* 150 DPR 525 (2000). "[L]a relación paterno-filial justifica, sin más, la imposición de la obligación de proveer para las necesidades básicas de la vida, al margen de la voluntad de quien está obligado". *Pueblo v. Vázquez Carrasquillo,* 174 DPR 40 (2008).

Cónsono con lo anterior, el Artículo 667 del Código Civil de 2020 establece que "[l]a obligación de prestar alimentos es exigible

desde que el alimentista los necesita, pero se abonan desde la fecha en que se interpone la demanda". (31 LPRA sec. 7563). A su vez, el Artículo 19 de la Ley Núm. 5-2019 establece, entre otras cosas, que "[l]os pagos por concepto de pensiones alimentarias y de solicitudes de aumentos en las mismas serán efectivos desde la fecha en que se presentó la petición de alimentos en el tribunal". (8 LPRA sec. 518). Por lo tanto, el momento determinante del pago de los alimentos es la fecha de su reclamación, por lo cual, los alimentos se abonarán a partir del momento cuando se exijan judicialmente. *Quiles Pérez v. Cardona Rosa*, 171 DPR 443 (2017).

### B. Apreciación de la prueba

En materia de apreciación de prueba, los foros apelativos habremos de brindar deferencia a las determinaciones de hechos formuladas por el foro judicial primario. *Serrano Muñoz v. Auxilio Mutuo*, 171 DPR 717 (2007); *Rolón v. Charlie Car Rental, Inc.*, 148 DPR 420 (1999). La norma general es que, si la actuación del foro *a quo* no está desprovista de una base razonable y no perjudica los derechos sustanciales de una parte, debe prevalecer el criterio del juez de primera instancia, a quien le corresponde la dirección del proceso. *Sierra v. Tribunal Superior*, 81 DPR 554 (1959).

Por ello, este Foro apelativo intermedio evitará variar las determinaciones de hechos del foro sentenciador, a menos que medie pasión, prejuicio, parcialidad o error manifiesto. Regla 42.2 de Procedimiento Civil (32 LPRA Ap. V). Véase, además, *Dávila Nieves v. Meléndez Marín*, 187 DPR 750 (2013); *Ramírez Ferrer v. Conagra Foods PR*, 175 DPR 799 (2009). Sobre el particular, nuestro Tribunal Supremo ha expresado que:

> Una de las normas más conocidas en nuestro ordenamiento jurídico es que los tribunales apelativos no intervendremos con la apreciación de la prueba, la adjudicación de credibilidad y las determinaciones de hechos que realizan los tribunales de instancia, a menos que se demuestre que el juzgador actuó movido por pasión, prejuicio o parcialidad o

que incurrió en error manifiesto. *Dávila Nieves v. Meléndez Marín, supra,* pág. 753.

Sin embargo, la aludida norma de autolimitación judicial cede cuando "un análisis integral de [la] prueba cause en nuestro ánimo una insatisfacción o intranquilidad de conciencia tal que se estremezca nuestro sentido básico de justicia; correspondiéndole al apelante de manera principal señalar y demostrar la base para ello". *Pueblo v. Cabán Torres*, 117 DPR 645 (1986). Por tanto, como foro apelativo, no debemos intervenir con las determinaciones de hechos, ni con la adjudicación de credibilidad que hace un Tribunal de Primera Instancia y sustituir mediante tal acción su criterio, por el nuestro. *Rivera Menéndez v. Action Services*, 185 DPR 431 (2012); *S.L.G. Rivera Carrasquillo v. A.A.A.*, 177 DPR 345 (2009). Así pues, la apreciación que hace el foro primario merece nuestra deferencia, toda vez que es quien tiene la oportunidad de evaluar directamente el comportamiento de los testigos y sus reacciones. Recordemos que dicho foro, es el único que observa a las personas que declaran y aprecia su *demeanor. Ramírez Ferrer v. Conagra Foods PR, supra.* Véase, además, *Trinidad v. Chade*, 153 DPR 280 (2001); *Ramos Acosta v. Caparra Dairy Inc.*, 113 DPR 357 (1982).

En adición, como norma general, no intervendremos con la apreciación de la prueba realizada por el Tribunal de Primera Instancia. Regla 42.2 de Procedimiento Civil, *supra.* Véase, además, *Rivera Menéndez v. Action Services, supra*, págs. 448-449; *Monllor Arzola v. Sociedad de Gananciales*, 138 DPR 600 (1995). No obstante, sí, de un examen de la prueba, se desprende que el juzgador descartó injustificadamente elementos probatorios importantes o fundó su criterio en testimonios improbables o imposibles, se justifica nuestra intervención. *C. Brewer PR, Inc. v. Rodríguez*, 100 DPR 826 (1972). Ello, sin obviar la norma que establece que un tribunal apelativo no puede dejar sin efecto una

sentencia cuyas conclusiones encuentran apoyo en la prueba desfilada. *Sánchez Rodríguez v. López Jiménez,* 116 DPR 172 (1985).

Finalmente, en cuanto a la cantidad de prueba requerida para probar un hecho, es necesario acudir a la Regla 110 de las Reglas de Evidencia. Conforme al incido (D) de la referida Regla "la evidencia directa de una persona testigo que merezca entero crédito es prueba suficiente de cualquier hecho, salvo que otra cosa se disponga por ley." Es por ello que el testimonio de un sólo testigo, de ser creído por el juzgador de los hechos, es suficiente para determinar que un hecho quedó probado ya que no se trata de un análisis de cantidad.

**III.**

En su recurso, la parte apelante sostuvo que erró el TPI al adjudicar la partida por concepto de cuidadora de la menor sin que mediara evidencia documental, ni recibos, ni constancia alguna en la PIPE que acreditara dicho gasto, limitándose a aceptar el testimonio unilateral, contradictorio y no corroborado de la parte apelante.

De un análisis cuidadoso y sereno del expediente ante nuestra consideración, específicamente del último *Informe de la Examinadora de Pensiones Alimenticias,* la *Resolución* del 12 de septiembre de 2025 y la Transcripción de la Prueba Oral, podemos colegir que las determinaciones de hechos realizadas por el foro primario se encuentran sustentadas en el testimonio de Rodríguez Cuadrado. Dicho testimonio no fue controvertido por la parte apelante, pues este no presentó ninguna evidencia para impugnar la prueba testifical presentada. Por lo tanto, el foro primario, dentro de su discreción, le concedió al testimonio de la apelada entera credibilidad.

Así pues, la actuación del foro primario no está desprovista de una base razonable y, en consecuencia, no procede dejar sin efecto una determinación cuyas conclusiones encuentran apoyo en la prueba desfilada. Véase, *Sierra v. Tribunal Superior, supra*; *Sánchez Rodríguez v. López Jiménez, supra*.

**IV.**

Por los fundamentos antes expuestos, *confirmamos* la *Sentencia* apelada.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

La Jueza Cintrón Cintrón concurre sin escrito.

El Juez Rodríguez Flores disiente con la siguiente expresión:

El récord y la prueba presentada ante el foro primario no es suficiente y tampoco justifica el gasto de una cuidadora como una "necesidad" para la menor. Primero, la señora Rodríguez Cuadrado nunca incluyó en la Planilla de Información Personal y Económica (PIPE) gasto alguno de una cuidadora. Segundo, los horarios calculados (3:00 pm a 7:00 pm) no guardan armonía con las horas del cuido extendido de la escuela de la menor, que es hasta las 5:30 pm y se proyecta en el futuro que sea hasta las 6:00 pm. Por otro lado, la señora Rodríguez Cuadrado testificó que en ocasiones ella busca a la menor a la escuela antes de las 5:30 pm y que su jornada de trabajo termina a las 5:00 pm. Visto lo anterior, me resulta forzoso concluir que ella puede atender a la menor, sin necesidad de una cuidadora.

Por último, no surge del récord contrato de servicios profesionales o recibo de pagos por las labores de cuidadora, trámites contributivos ante el Departamento de Hacienda de Puerto Rico y el Internal Revenue Service o Fondo del Seguro del Estado de Puerto Rico que evidencien alguna relación laboral de la cuidadora.

Por tanto, revocaría el dictamen recurrido, para eliminar la partida de $1,733.00 como gasto de la cuidadora.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones